```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAVIER ORTIZ,                      :    CIVIL ACTION
                                   :    NO. 10-1187
          Petitioner,              :
                                   :
     v.                            :
                                   :
COMMONWEALTH OF                    :
PENNSYLVANIA, et al.,              :
                                   :
          Respondents.             :
```

**O R D E R**

**AND NOW**, this **12th** day of **April, 2011**, upon a de novo review[1] of Magistrate Judge Henry S. Perkin's Report and Recommendation (doc. no. 18) and Petitioner's Objections to the Report and Recommendation (doc. no. 22), it is hereby **ORDERED** that:

> 1. The Report and Recommendation (doc. no. 18) is **ADOPTED** and **APPROVED** to the extent consistent with this Order;

---

[1] Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

2. Petitioner's Objections (doc. no. 22) are

   **OVERRULED**;[2]

3. Petitioner's Revised § 2254 Habeas Petition (doc.

   no. 6) will be **DENIED**.[3]

---

[2]Petitioner raises one objection, that his petition is timely because statutory tolling should apply as he filed his first PCRA claim on January 10, 2003, not on July 9, 2004 as the state court found.

Here, the Pennsylvania courts determine that Petitioner's PCRA petition was not timely filed. Pennsylvania also found that Petitioner's documents to show that he filed a PCRA petition earlier, within the one year filing period, were fraudulent. Commonwealth v. Ortiz, No. 9911-0391 (Philadelphia County, Pennsylvania Court of Common Pleas July 1, 2008) affirmed by Commonwealth v. Ortiz, 986 A.2d 1261 (Pa. Super. 2009)(unpublished).

Where Pennsylvania courts have made the determination that a PCRA petition was untimely, the PCRA petition is not considered "properly filed" to receive statutory tolling under AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).)(internal quotations omitted); see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)(holding that Fahy's petition was not "properly filed" for the purposes of § 2244(d)(2) because "the Pennsylvania Supreme Court has specifically ruled that Fahy's PCRA petition was not properly filed as a matter of state law ... Fahy's petition was therefore not statutorily tolled because his PCRA petition was not properly filed.")

Additionally, even if the Court assumed that Petitioner's documents to show he filed his first PCRA petition on January 10, 2003 were authentic, Petitioner's habeas petition would still be time barred. According to his documents he received a letter from the PCRA Unit of Pennsylvania's Clerk of Court on February 19, 2003. It was still over a year before Petitioner filed (or re-filed) his PCRA petition on July 9, 2004. Thus, surpassing the one-year filing period for a § 2254 habeas petition so that any tolling from a PCRA petition would not save his habeas petition.

Thus, Petitioner's objection is overruled.

[3]Petitioner's petition and objections also state that he is innocent. It is undecided in the Third Circuit whether or not a

**IT IS FURTHER ORDERED** that a certificate of appealability[4] shall not issue and that this case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

claim of actual innocence may equitably toll AEDPA's filing period. <u>McKeever v. Warden SCI-Graterford</u>, 486 F.3d 81, 84 n.5 (3d Cir. 2007); <u>Teagle v. Diguglielmo</u>, 336 Fed. Appx. 209, 213 (3d Cir. 2009)(not precedential).

However, Habeas Corpus Rule 2(c) "provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" <u>Mayle v. Felix</u>, 545 U.S. 644, 655-656 (2005)(quoting Habeas Corpus Rule 2(c))(other citations omitted). Thus, the Court will not address a possible "actual innocence" claim here as Petitioner has failed to supply any evidence of his actual innocence.

[4]A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.